IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| vs. | * | |
| | | Case Number 7:09-CR-8-001 (WLS) |
| DWAIN D. WILLIAMS, | * | |
| Defendant | * | |

---

### STANDARD PRETRIAL ORDER

Pursuant to reference of pretrial criminal motions to the undersigned, the within order is intended to address those commonly filed pretrial motions and requests identified below whether or not said motions have actually been submitted by the parties named above at this point in time. The parties are ORDERED AND DIRECTED to abide by the dictates hereof:

Within **TWENTY (20) DAYS** of receipt of this order, the defendant(s) (hereinafter referred to in the singular but applicable to all defendants named above) <u>must</u> submit any requests and/or notices hereunder and such <u>additional</u> motions as may be pertinent to this case; thereafter, the United States shall have **TWENTY (20) DAYS** after receipt of any request, notice and/or additional motion in which to file a response; movant may then submit a reply within **TEN (10) DAYS.** The parties may also seek clarification of any order set forth herein. Any motions to dismiss and/or to suppress evidence will be addressed by the district judge to whom this case has been assigned. Recognizing that in some cases a defendant may lack knowledge of evidence potentially subject to suppression until disclosure of discovery materials by the government in accordance with this order, MOTIONS TO SUPPRESS EVIDENCE may be filed outside the twenty day period set forth above. In no event, however, shall a MOTION TO SUPPRESS EVIDENCE be filed more than **TWENTY (20) DAYS** after said evidence has been disclosed by the government to the defendant.

It shall be incumbent upon counsel for the defendant and for the United States to promptly advise the court of the failure of the opposite party to comply with the dictates of this order and of the need, if any, to compel compliance, in accordance with *Local Rule 37.*

---

**DISCOVERY AND INSPECTION UNDER BRADY AND RULE 16
DISCLOSING IMPEACHING INFORMATION AND EXCULPATORY EVIDENCE**

A defendant has a right only to discovery of evidence pursuant to Rule 16 of the *Federal Rules of Criminal Procedure* or *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny. *Brady* prohibits the United States from suppressing evidence favorable to a defendant if that evidence is material either to guilt or to punishment. *Brady,* 373 U.S. at p. 87. Because the credibility of a witness may determine guilt or innocence, impeaching evidence is material to guilt and thus falls within the *Brady* rule. See *Giglio v. United States,* 405 U.S. 150, 154 (1972); *Williams v. Dutton,* 400 F.2d 797, 800 (5th Cir.1968), *cert. Denied,* 393 U.S. 1105 (1969).

**UPON REQUEST,** the United States is directed to disclose Rule 16 evidence and *Brady* evidence other than impeaching information as soon as reasonably possible. In accordance with the usual practice in this court, the United States is directed to disclose impeaching information about a witness no later than the evening before the witness' anticipated testimony. The United States need not furnish defendant with *Brady* information which the defendant has or, with reasonable diligence, the defendant could obtain himself. *United States v. Slocum,* 708 F.2d 587, 599 (11th Cir.1983).

**UPON REQUEST,** the United States is also directed to disclose impeaching information about any non-witness declarant no later than the evening before the United States anticipates offering the declarant's statements in evidence.

Pursuant to Rule 12(d)(2) of the ***Federal Rules of Criminal Procedure,*** should the defendant **REQUEST** notice of the intention of the government to use (in its evidence in chief at trial) any evidence which the defendant may be entitled to discover under Rule 16 of the Rules, the government is directed to so advise the defendant of any evidence or statements which may be subject to any motions to suppress.

Should the United States **REQUEST** disclosure of evidence by a defendant herein under Rule 16(b)(1), that defendant is directed to comply with said rule as soon as reasonably possible.

| REVEALING "THE DEAL" |
| :---: |

Where the government fails to disclose evidence of any understanding or agreement as to future prosecution of a key government witness, due process may require reversal of the conviction. ***Giglio v. United States, supra,; Napue v. Illinois,*** 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); ***Smith v. Kemp,*** 715 F.2d 1459, 1463 (11th Cir.), ***cert. Denied,*** 464 U.S. 1003, 104 S.Ct. 510, 78 L.Ed.2d 699 (1983); ***Williams v. Brown,*** 609 F.2d. 216, 221 (5th Cir.1980).  The government has a duty to disclose such understandings for they directly affect the credibility of the witness.  This duty of disclosure is even more important where the witness provides the <u>key testimony</u> against the accused.  ***See Giglio,*** 405 U.S. at 154-55, 92 S.Ct. At 766.  ***Haber v. Wainwright,*** 756 F.2d 1520, 1523 (11th Cir.1985).

"The thrust of ***Giglio*** and its progeny has been to ensure that the jury knows the facts that might motivate a witness in giving testimony . . ." ***Smith v. Kemp, supra*** at 1467, which testimony "could . . . in any reasonable likelihood have affected the judgment of the jury." ***Giglio,*** 405 U.S. at 154, 92 S.Ct. At 766, quoting ***Napue v. Illinois, supra. Brown v. Wainwright,*** 785 F.2d 1457, 1465 (11th Cir.1986).

Accordingly, **UPON REQUEST,** the United States is directed to comply fully with ***Giglio, supra,*** and its progeny by disclosing the existence and substance of any such promises of immunity, leniency or preferential treatment.  In accordance with the policy of ***Brady v. Maryland, supra,*** the United States is directed to furnish to the defendant such requested information <u>within a reasonable period of time</u> from the date of this order.

---

### PRODUCTION AND PRESERVATION OF ORIGINAL INTERVIEW NOTES

The Eleventh Circuit has held that the United States has a responsibility to try in good faith to preserve important material in a criminal trial.  ***United States v. Nabors,*** 707 F.2d 1294, 1296 (11th Cir.1983).  The government is directed to comply with the dictates of ***Nabors.***  However, there is no legal requirement that the government retain all materials, notes and other memoranda prepared by federal, state or local government agents in connection with the investigation and preparation of its case.

---

### DEFENDANT'S STATEMENTS

To the extent that Rule 16(a)(1)(A) of the ***Federal Rules of Criminal Procedure*** provides for disclosure of statements made by the defendant, the United States **UPON REQUEST** is directed to provide said information to the defendant.

---

### STATEMENTS OF CO-DEFENDANTS AND ALLEGED CO-CONSPIRATORS
### (If applicable)

If any co-defendant or co-conspirator who made a statement is a government witness, that statement generally must be provided to the defendant <u>after</u> the witness testifies on direct examination.  ***See,*** 18 U.S.C.A. §3500(a)(West 1985); ***United States v. Nabrit,*** 554 F.2d 247, 249 (5th Cir. 1977).  However, it is the policy of this court to require the government to provide ***Jencks***

*Act* materials to a defendant no later than the evening before the anticipated testimony of the witness.  The United States shall be governed accordingly.  Unless a co-defendant or co-conspirator is to be a government witness, the ***Jencks Act*** does not require disclosure of his statement(s).  If any statements by a co-defendant or co-conspirator are exculpatory, they must be produced by the United States along with other ***Brady*** material **UPON REQUEST.**

---

### LIST OF GOVERNMENT WITNESSES

The law is clear that in noncapital cases, the granting of a defendant's request for a list of adverse witnesses is a matter of judicial discretion.  ***United States v. Colson,*** 662 F.2d 1389, 1391 (11th Cir.1981); ***United States v. Chaplinski,*** 579 F.2d 373 (5th Cir.1978), ***cert. Denied,*** 439 U.S. 1050 (1978).  ***See United States v. Johnson,*** 713 F.2d 654, 659 (11th Cir.1983 - "A criminal defendant has no absolute right to a list of the government's witnesses in advance of trial.")  A defendant who desires discovery of the United States' witness list must make a specific showing of the need for and reasonableness of obtaining the list.  ***United States v. Greater Syracuse Board of Realtors, Inc.,*** 438 F.Supp. 376, 382 (N.D.N.Y.1977).

Furthermore, common sense dictates that if there is no obligation mandated by law to reveal the identity of one who has been interviewed for the purpose of being a witness at trial, no such obligation exists to reveal the identity of a potential witness who has <u>not</u> been interviewed in expectation of being called as a witness at trial.

The government shall not be required to disclose the names of its witnesses in this proceeding absent a **REQUEST** therefor <u>and</u> a specific showing of the need for and reasonableness of obtaining the list.

| EXPERT WITNESSES |
|:---:|

The United States need not disclose the names of any witnesses, expert or otherwise, absent a **REQUEST** therefor <u>and</u> a specific showing of the need for and reasonableness of obtaining the list. ***United States v. Greater Syracuse Board of Realtors, Inc., supra.*** (See discussion under "List of Witnesses" above). ***See also United States v. Reyes,*** 911 F.Supp. 64, 65 (N.D.N.Y. 1996).

However, insofar as the defendant may also seek the reports, analyses and conclusions of any such expert witnesses as well as disclosure of the information and data upon which such expert witnesses have based their opinions, the United States must provide the results or reports of physical or mental examinations and of scientific tests or experiments in its possession in accordance with Rules 16(a)(1)(D) and (E) of the ***Federal Rules of Criminal Procedure*** **UPON REQUEST.**

| OTHER CRIMES, WRONGS, OR ACTS |
|:---:|

Regarding any request for records and information revealing prior misconduct or bad acts attributable to <u>any</u> witness, Rule 16 (a)(1) of the ***Federal Rules of Criminal Procedure*** provides that the United States shall furnish to a defendant a copy of <u>his</u> prior criminal record, if any. Insofar as any request for the pretrial disclosure of evidence of defendant's transactions or conduct and that of any alleged co-defendants or co-conspirators which is not the subject matter of the indictment herein but which the United States might offer as evidence on the question of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, the United States is directed to comply with the requirements of law set forth in ***Brady v. Maryland,*** 373 U.S. 83 (1963) and its progeny, Rule 16 of the ***Federal Rules of Criminal Procedure,*** and Rule 404(b) of the ***Federal Rules of Evidence.*** **UPON REQUEST** by the defendant, unless good cause for not disclosing is established by the government, the government shall provide reasonable notice in

advance of trial of the general nature of any such evidence it intends to introduce at trial, in accordance with Rule 404(b) of the **Federal Rules of Evidence.**

| **JENCKS ACT MATERIALS** |
| --- |

Congress provided in the **Jencks Act** that statements and reports made by a government witness which are in the possession of the United States need not be furnished to the defendant until after the witness has testified on direct examination.  18 U.S.C.A. §3500(a) (West 1985).  In addition, Rule 26.2(a) of the **Federal Rules of Criminal Procedure** provides that witness statements must be produced after the witness' direct examination.

The **Jencks Act** (18 U.S.C. §3500, et seq.) Provides in pertinent part as follows:

*(B) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.*
*       *       *

*(E) The term "statement", as used in subsections (b), ©), and (d) of this section in relation to any witness called by the United States, means—*

*(1) a written statement made by said witness and signed or otherwise adopted or approved by him;*

*(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or*

*(3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.*

Statements and reports made by a government witness which are favorable to defendant and are material to guilt or punishment are within the purview of both **Brady** and the **Jencks Act.**  The former Fifth Circuit has recognized that when alleged **Brady** material is contained

in ***Jencks Acts*** material, disclosure is generally timely if the government complies with the ***Jencks Act. United States v. Martino,*** 648 F.2d 367, 384 (5th Cir.1981); ***United States v. Anderson,*** 574 F.2d 1347, 1352 (5th Cir.1978). It is the policy of this court to require the government to provide ***Jencks Act*** materials to a defendant no later than the evening before the anticipated testimony of the witness.  The United States shall be governed accordingly.

---

**SEARCH AND SEIZURE**

---

Regarding any **REQUEST** for production by the United States of documents and information obtained by the government as a result of any search or seizure of the defendant or any co-defendant as well as any buildings, vehicles, dwellings or premises of the defendant, any co-defendant, or any co-conspirator (as well as production of any evidence of such a search or seizure which would tend to taint or make illegal any search or seizure), the United States is directed to comply with Rule 16 of the ***Federal Rules of Criminal Procedure*** and with ***Brady v. Maryland, supra,*** and its progeny if such a **REQUEST** is made by the defendant.

---

**SURVEILLANCE**

---

The United States is directed to comply with Rule 16 of the ***Federal Rules of Criminal Procedure*** and with ***Brady v. Maryland, supra,*** and its progeny regarding any **REQUEST** to disclose various records, information and evidence obtained through surveillance (electronic or otherwise) as well as information pertaining to the type surveillance device or devices used by the government in any such surveillance.

---

**FILING ADDITIONAL MOTIONS**

---

If and when a defendant wishes to file an additional motion or motions, the court can then consider the propriety thereof, in light of the time restrictions herein imposed and cause shown for filing such motions after the filing deadline. *Fed.R.Crim.P. 12(f).*

| ADOPTION OF MOTIONS OF OTHER DEFENDANTS |
|:---:|
| (If applicable) |

Because of the burden imposed upon the court in determining which, if any, motions filed by one defendant may or may not apply to another defendant, it is the policy of the undersigned to require each defendant to file his/her own separate motions. Therefore, motions filed on behalf of one defendant will not be adopted for use by other defendants.

| ADDITIONAL PEREMPTORY CHALLENGES |
|:---:|

Consideration of a **REQUEST** for additional peremptory challenges is best left to the judge to whom a case is assigned for trial. Accordingly, any such request must be brought to the attention of the trial judge no later than twenty-four hours prior to the date set for the trial of this case.

| NEED FOR HEARING ON MOTIONS |
|:---:|

This court's policy requires that pretrial motions be supported by written briefs; hearings on most motions are not contemplated absent a demonstrable need.

| CONDUCT OF VOIR DIRE |
|:---:|

Whether voir dire is to be conducted by the trial judge or by counsel for the parties is addressed to the discretion of the trial judge. Counsel are directed to contact the trial judge assigned to this case to ascertain the voir dire policy employed by him as well as any requirements for the pretrial submission of suggested voir dire questions to the court, if appropriate.

It is the policy of this court to send a standard juror questionnaire to each individual drawn to serve as a juror.  This form is forwarded to each juror along with the jury summons and is then returned to the clerk of court. COUNSEL ARE ADVISED THAT THESE QUESTIONNAIRES MAY BE REVIEWED BY THEM IN THE CLERK'S OFFICE PRIOR TO TRIAL.

The questionnaires and the information obtained therefrom are *privileged* and <u>NOT TO BE DISCLOSED</u> to anyone other than your client or other members or employees of your firm without the written consent of the presiding judge.  Any copies of completed questionnaires and any other documents containing juror information shall be destroyed immediately after trial.

NOTE: IF THE COURT CONDUCTS VOIR DIRE, IT <u>WILL NOT</u> ASK FOR THE SAME INFORMATION ON VOIR DIRE.

## SUPERSEDING INDICTMENTS

In the event the indictment forming the basis for the prosecution of the defendant herein is superseded by one or more indictments, this order shall be applicable to said "superseding" indictment(s).  Motions and requests submitted herein and responses thereto shall be applicable to the superseding indictment without the necessity of re-filing.  The parties shall have TEN (10) DAYS following arraignment on the superseding indictment to make additional requests under this order and/or to file additional motions.

## APPLICATION OF *SPEEDY TRIAL ACT*

Pursuant to provisions of the ***Speedy Trial Act,*** 18 U.S.C. §3161, *et seq.,* the time from the filing of any request or motion hereunder until disposition by the court is excludable in computing the time within which the trial of this case must commence.  For purposes of the ***Speedy Trial Act,*** all requests and/or motions submitted as to matters dealt with herein shall be deemed disposed of

-10-

as of the date of their filing with the Clerk of court.  Any additional motions, such as motions to dismiss, motions to suppress, motions for bills of particulars, and motions to obtain grand jury minutes, shall be promptly disposed of by the court after the filing of responses thereto.  For that reason, all parties are directed to submit timely responses to any additional motions submitted.

SO ORDERED AND DIRECTED this 11th day of August, 2009.

S/ RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE