IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO.  7:09-CR-8-HL |
| | : | |
| DWAIN D. WILLIAMS, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S MOTION IN LIMINE
CONCERNING CHARACTER EVIDENCE

COMES NOW, the United States of America by and through the undersigned United States Attorney and moves the Court in limine to limit 1) the number of character witnesses called; and 2) the type of testimony defense witnesses may give at the trial of this matter.  In support of its Motion, the Government states as follows:

**A.**     **Character Evidence Must Be Limited to Opinion and Reputation**

The government anticipates that defendant may attempt to offer various forms of inadmissible character evidence such as his failure to commit crimes on other occasions, in order to create the inference that he could not have committed the crimes charged in the indictment.  Defendant may also attempt to introduce evidence of non-pertinent character traits, such as religious or family devotion. This is simply inadmissible character evidence.

It is unequivocally established that a defendant cannot put on evidence of his failure to commit crimes on other occasions, or evidence of good conduct (prior good acts) to negate criminal intent. *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1999); <u>United States v. O'Connor</u>, 580 F.2d 38, 43 (2d Cir. 1978); *see also United States v. Shakur*, 32 F. Supp. 2d 38, 43 (S.D.N.Y. 1991)(description of non-violent conduct by the defendant inadmissible in robbery case); *United States v. Camejo*, 929 F.2d 610, 612-13 (11th Cir. 1991), citing <u>Michelson</u> at 477. Neither the defendant nor his character witnesses can testify that on other occasions Defendant Williams did **not** commit crimes: i.e. did not attempt to molest, rape or inappropriately touch another person.

Rule 405 of the Federal Rules of Evidence provides that in all cases in which evidence of a character trait is admissible, proof may be made by 1) opinion; and 2) reputation. <u>See</u> Samuel Section 357. In the case at bar, the relevant character traits the defendant may wish to prove are: truthfulness and honesty, non-violent disposition or peacefulness. Truthfulness and honestly are only admissible once this trial is before the jury; ie; after the defendant testifies in his own defense if he chooses to do so.

The opinion or reputation witness must have sufficient knowledge of the defendant's character to be able to render an opinion. "The fact that the character witness knew the person socially and had a good impression of him is not sufficient

2

foundation." *United States V. Kaufman*, 29 F.2d 240 (2d Cir. 1970). "The reputation witness must be qualified through a showing of such acquaintance with the person under attack, the community in which he has lived, and the circles in which he has moved, as to speak with authority of the term in which generally he is regarded. The trial court's determination that the foundation of a reputation witness is inadequate will ordinarily not be overturned on appeal. *United States v. Watson*, 669 F.2d 1374, 10 Fed. R. Evid. Serv. 31 (11th Cir. 1982). "A criminal defendant's character witness had an inadequate basis for expressing an opinion as to [the defendant's character] where, although the witness testified that he had known the defendant's family for 20 years, he did not know the defendant at the time of the offense and did not have contact with her in the year she was arrested. *United States v. Gil*, 204 F.3d 1347 (11th Cir. 2000).

    The admission of character evidence allows the government to cross-examine the character witness as to those traits. Samuel at Section 357. On cross-examination, the government may ask the character witness to assume certain facts which are in evidence, particularly those which the defendant does not contest, and to confront the character witnesses with those assumptions. *Id. See United States v. Wilson*, 983 F.2d 221 (11th Cir. 1993).

    A lay witness cannot be expected to understand the limits of the Federal Rules

of Evidence. Experience shows that most lay witnesses almost immediately recount inadmissible testimonials and anecdotes when asked their opinion of a defendant or of a witnesses character. Accordingly, counsel for defendant has an obligation as an officer of the court to explain to their witnesses before trial what opinions are properly admissible.

## II. Authority:

### A. The Court Has the Discretion to Limit the Number of Character Witnesses Called At Trial

The trial court is "invest[ed] with discretion to limit the number of [character] witnesses and to control cross-examination." United States v. Benefield, 889 F.2d 1061, 1065-66 (11th Cir. 1989) quoting Michelson v. United States, 335 U.S. 469, 480, 69 S. CT. 213, 220-21 (1948).

Permitting unlimited character witnesses is likely to result in unnecessary delay in the trial through needless presentation of cumulative evidence, and to obscure the issue for the jury by undue emphasis through repetition. While the restriction of such testimony must not be arbitrary or unreasonably restrictive, limitations of one to three witnesses have been repeatedly upheld. See e.g. *United States v. Haynes*, 554 F.2d 231, 234 (5th cir. 1977)(no abuse of discretion in limiting testimony to one character

witness where excluded testimony would be cumulative); United States v. Johnson, 730 F.2d 683, 688 (11th Cir. 1984)(no abuse of discretion in limiting number of witnesses to three where court determined additional testimony would not significantly aid jury in assessing credibility); United States v. Jacobs, 451 F.2d 530, 542 (5th Cir.1971) *cert. denied*, 92 S.Ct. 1170 (1972)(limiting number of character witnesses to be introduced by each defendant to three, not an abuse of discretion).

>   Further, the appellate court has endorsed the view that
>
>   "[i]t is sometimes required that the trial Court (with or without the parties' motion) announce before any witnesses on the point are offered, that a limitation of the witnesses upon the particular fact will be enforced, and a failure to do this is said to prevent the enforcement of any limitation; on the theory that, unless the arty is thus advised of the intended limit, he may be obliged to omit his most valuable witnesses through not having known of the necessity of choosing the best of the lot at his disposal.  This requirement has a plausible fairness in it, and is usually proper when feasible."

United States v. Gray, 507 F.2d 1013, 1015-1016 (5th Cir. 1975) *quoting* 6 Wigmore on Evidence, 3d Ed. § 1908(2), pp. 585-86.  The government, therefore, respectfully requests this Court limit to no more than three number of character witnesses that will be permitted each defendant at the trial of this case.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that character witnesses limit their opinions to the permitted statutory questions.

RESPECTFULLY SUBMITTED, this 17th day of August, 2010.

        G.F. PETERMAN, III
        ACTING UNITED STATES ATTORNEY


By:   S/LEAH E. McEWEN
       ASSISTANT UNITED STATES ATTORNEY
       201 West Broad Ave., 2nd Floor
       Albany, GA 31701
       Telephone:  229-430-7754
       Facsimile:   229-430-7766

       Attorney for United States of America

## **CERTIFICATE OF SERVICE**

I, Leah E. McEwen, Assistant United States Attorney, hereby certify that on this 17th day of August, 2010, I electronically filed the within and foregoing Pleading with the clerk of the court for the Middle District of Georgia using the CM/ECF system which will send notification of such filing to the following:

Nicole Williams
Federal Defender, MDGA
323 Pine Ave., Suite 400
Albany, Georgia 31701

Attorney for Defendant


S/ LEAH E. McEWEN
ASSISTANT UNITED STATES ATTORNEY