IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:09-CR-8 (WLS) |
| | : | |
| DWAIN D. WILLIAMS, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

**I.     BACKGROUND**

By Order entered on August 12, 2010 (Doc. 101), the Court granted Defendant DWAIN D. WILLIAMS's Motion for <u>Daubert</u> Hearing and set the hearing for 3 p.m. on Tuesday, August 17, 2010 – the first day of testimony in the criminal trial of Defendant,[1] and the day before the expected testimony of the Government's proposed expert, Dr. Connie Schenk. The question presented by Defendant, as the moving party, was whether the Court should exclude Dr. Schenk from testifying to the jury for failing to satisfy Federal Rule of Evidence 702. After considering Dr. Schenk's testimony and the arguments of counsel for Defendant and the Government, the Court ruled from the bench that Defendant's Motion to Exclude Expert Testimony of Dr. Schenk was **DENIED**, and that Dr. Schenk would be permitted to testify as an expert on the issues examined at the hearing. The Court advised that a written Order would follow.

---

[1] The three-Count Superseding Indictment (Doc. 57) charges Defendant with (i) travelling in foreign commerce from the United States to Japan and engaging in illicit sexual conduct (18 U.S.C. § 2423(c) and (e) i/c/w 18 U.S.C. § 2243(a)(1) and (2)), (ii) aggravated sexual abuse of a child (18 U.S.C. § 2241(c)), and (iii) abusive sexual contact with a child (18 U.S.C. § 2244(a)(1) and (5)).

1

## II.     RULE 702 STANDARD

Rule 702 of the Federal Rules of Evidence controls the admission of expert testimony. United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004).  Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702; Frazier, 387 F.3d at 1259.  The Supreme Court made "abundantly clear" in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 n.7, 597 (1993), that Rule 702 compels a District Court to perform the critical gatekeeping function concerning the admissibility of expert scientific evidence, and in Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999), that the Rule requires the same gatekeeping function considering the admissibility of technical expert evidence.  Frazier, 387 F.3d at 1260.  The Eleventh Circuit instructs that the District Court's gatekeeping function "'inherently require[s] the trial court to conduct an exacting analysis' of the *foundations* of expert opinions to ensure they meet the standards for admissibility under Rule 702."  Id. (quoting McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1257 (11th Cir. 2002)) (emphasis and alteration in original).

Courts in the Eleventh Circuit "engage in a rigorous three-part inquiry" in determining the admissibility of expert testimony under Rule 702.  Frazier, 387 F.3d at 1260.  Trial courts must consider whether:

> (1) the expert is qualified to testify competently regarding the matters [s]he intends to address; (2) the methodology by which the expert reaches [her] conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand that evidence or to determine a fact in issue.

*Id.* (quoting City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998)). The Eleventh Circuit instructs that regardless of overlap among the three requirements of qualification, reliability, and helpfulness, "they remain distinct concepts and the courts must take care not to conflate them." *Id.* Furthermore, "[t]he burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion." *Id.*

### III.    QUALIFICATION

"[E]xperts may be qualified in various ways," including through "scientific training or education" and "experience in a field." Frazier, 387 F.3d at 1260-61. The Court finds the Government's proposed expert, Dr. Connie Schenk, to be qualified in her stated field of clinical and forensic psychology, focusing on sexual victimization and sexual deviance in children. Her *curriculum vitae* includes: (i) a 1996 doctorate degree in counseling psychology from Florida State University, which included internships working with sex offenders at the Atlanta Federal Penitentiary and with children who were either victims or perpetrators of child sex abuse at Twin Cedars Youth and Family Services, Inc. and the Anne Elizabeth Shepherd Home; (ii) professional licensure in both Georgia and Florida; (iii) a private practice in Thomasville, Georgia, specializing in sexual victimization and sexual deviance, with a dedicated focus on children – she testified that she had interviewed "thousands" of child abuse victims in her practice; (iv) credentials with the Association for the Treatment of Sexual Abusers and membership in various other professional organizations; (v) providing training related to the field to foster parents, Court Appointed Special Advocates, post-doctoral students, attorneys, and law enforcement professionals; and (vi) more than fifty-five (55) previous qualifications to testify as an expert in various courts, with no instances of being found unqualified. Additionally, the Court found Dr. Schenk to be a thoughtful and competent witness throughout her testimony. The

Court did not find the following facts destructive to Dr. Schenk's expert status: (a) no college-level teaching experience in her field of expertise;[2] (b) no published articles; and (c) lack of previous qualification as an expert in Federal Court.[3]

## IV.     RELIABILITY

Under Rule 702, the reliability element is "a discrete, independent, and important requirement for admissibility." Frazier, 387 F.3d at 1261. The Supreme Court holds that "[p]roposed [expert] testimony must be supported by appropriate validation—*i.e.*, 'good grounds,' based on what is known." Daubert, 509 U.S. at 590. Thus, when evaluating the reliability of scientific expert opinion, the Supreme Court instructs that District Courts must assess "whether the reasoning or methodology underlying the testimony is scientifically valid and … whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592-93. Courts in the Eleventh Circuit, in evaluating the reliability of scientific and non-scientific experienced-based expert opinion, consider to the extent practicable:[4]

> (1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community.

Frazier, 387 F.3d at 1262 (quoting Quiet Tech. DC-8, Inc. v. Hure-Dubois UK Ltd., 326 F.3d 1333, 1341 (11th Cir. 2003)). Because "sometimes other questions may be more useful," Frazier, 387 F.3d at 1262, "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable,"

---

[2]     Dr. Schenk testified that she had taught recreational rehabilitation, sociology, and communications at two-year and four-year colleges and universities.

[3]     Dr. Schenk testified that this was her first time in Federal Court.

[4]     The factors are considered "to the extent practicable" because they "are illustrative, not exhaustive; not all of them will apply in every case, and in some cases other factors will be equally important in evaluating the reliability of proffered expert opinion." Frazier, 387 F.3d at 1262 (citing Kumho Tire, 526 U.S. at 150-52).

Daubert, 526 U.S. at 152, "but what remains constant is the requirement that the trial judge evaluate the reliability of the testimony before allowing its admission at trial." Frazier, 387 F.3d at 1262 (citing Fed. R. Evid. 702 advisory committee's note).

      The Court finds Dr. Schenk's proposed testimony to be reliable.  Dr. Schenk discussed the theory of delayed disclosure of abuse by child sexual assault victims, and the psychological underpinnings thereof.  Dr. Schenk testified that the theory has been widely tested, subjected to peer review, published, and is an accepted phenomenon according to a "consensus" of the research as well as her own professional experience.  Dr. Schenk did not testify as to error rates, except to state that although delayed disclosure is a unanimously accepted theory, there is no consensus as to why delayed disclosure occurs in child abuse victims.  Dr. Schenk testified that many variables contribute to the delayed disclosure phenomenon, including the victim's age, gender, familial relationships, and relationship with the abuser.  Dr. Schenk also testified that a delayed accusation of child abuse is found to be fabricated or fictitious – that the alleged abuse did not occur – in only two to eight percent of cases: a "very small percentage" according to Dr. Schenk.  The Court finds that Dr. Schenk's delayed disclosure theory's "reasoning or methodology … is scientifically valid and … properly can be applied to the facts in issue." Daubert, 509 U.S. at 592-93.  In the criminal trial's first day of testimony, which had occurred before the afternoon hearing regarding Dr. Schenk, facts were established that the alleged victim had not disclosed the alleged abuse to an adult until several years after the first instance of alleged abuse.  Dr. Schenk's expert testimony regarding delayed disclosure in child abuse victims clearly can be applied to the instant case's facts in issue: that the alleged child abuse victim had delayed in disclosing the alleged abuse.

## V.     HELPFULNESS

The final requirement for admissibility of expert testimony under Rule 702 is that it assist the trier of fact.  Frazier, 387 F.3d at 1262.  "[E]xpert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." *Id.* (citing United States v. Rouco, 765 F.3d 983, 995 (11th Cir. 1985)).  Dr. Schenk testified that the delayed disclosure phenomenon is not only not understood by laypersons, but is even not generally known amongst psychologists who do not deal with child sexual abuse victims.  Based upon this testimony, the Court finds that Dr. Schenk's expert testimony would be helpful in assisting the jury regarding matters beyond the understanding of the average lay person: to wit, why an alleged child sexual abuse victim might wait years to disclose the alleged criminal act.  The Court further notes that the alleged victim's delay in disclosing the alleged abuse was clearly an issue in the trial.

## VI.    CONCLUSION

The Court finds Dr. Connie Schenk to be a well-qualified expert on a theory that is reliable and will be helpful to the jury.  Because the Court finds that Dr. Schenk satisfies the requirements of Federal Rule of Evidence 702, as defined in Daubert, Kumho Tire, Frazier, and similar cases, Defendant's Motion to Exclude Expert Testimony of Dr. Schenk is **DENIED**.

The Court permits Dr. Schenk to testify before the jury regarding solely the topics developed at the hearing, *i.e.*, delayed disclosure by child sexual abuse victims and the psychological underpinnings thereof.  Consistent with the Court's previous Order (Doc. 101), Dr. Schenk shall abstain from discussing suicide or other methods by which a child abuse victim

may physically harm herself, for the reasons earlier stated by the Court.

**SO ORDERED**, this  30th  day of August, 2010, *nunc pro tunc* August 17, 2010.

                                       /s/ W. Louis Sands
                                       **THE HONORABLE W. LOUIS SANDS,**
                                       **UNITED STATES DISTRICT COURT**